UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAGIC D. ALLEN,** ) | Case Number |
| **f/k/a MAGIC D. SMITH** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| **NCO FINANCIAL SYSTEMS, INC.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant** ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Magic D. Allen, f/k/a Magic D. Smith, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Magic D. Allen, f/k/a Magic D. Smith, is an adult natural person and he bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Mississippi Fair Debt Consumer Protection Act, Invasion of Privacy and Infliction of Emotional Distress.

### II.   JURISDICTION

2.   Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business in this district and the Defendant's principal place of business is in this district.

### III.   PARTIES

4. Plaintiff, Magic D. Allen, f/k/a Magic D. Smith, ("Plaintiff") is an adult natural person residing at 3725 Knox Road, Toomsuba, MS 39364. . At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7. In or around mid-February, 2012, Plaintiff started to receive calls from Defendant's agent, "Jim Huntly", collecting on an alleged debt owed to the Department of Education.

8. Defendant is attempting to collect a balance of $19,000.00.

9. Plaintiff states that she originally borrowed no more than $5,000.00.

10. At that time, Plaintiff asked Defendant's agent, "Jim Huntly", to send her validation in writing.

11. Defendant's agent refused to send anything in writing.

12. Defendant continued to call the Plaintiff several times a day looking for payment.

13. Defendant's agent, "Jim Huntly", insisted that the Plaintiff give him her checking account information.

14. Plaintiff informed the Defendant that she did not have a checking account.

15. Defendant's agent, "Jim Huntly", scolded the Plaintiff, telling her that she needed to get one.

16. In March, 2012, Defendant's agent, "Jim Huntly", contacted Plaintiff's employer and spoke with her boss, Mr. Dolia.

17. Defendant's agent informed Plaintiff's boss that he would garnish Plaintiff's wages if she did not pay off this debt.

18. Plaintiff called Defendant back and offered to make $50.00 payments.

19. Defendant refused to take any less than $159.00 a month.

20. Defendant's agent, "Jim Huntly", proceeded to call Plaintiff's place of employment several more times despite being told never to call there again.

21. On or about March 17, 2012, Defendant placed three (3) calls to the Plaintiff.

22. On or about March 18, 2012, Plaintiff received two (2) calls from Defendant.

23. On or about March 19, 2012, Defendant called Plaintiff's place of employment again.

24. As of the filing of this complaint, Defendant continues their collection efforts despite never validating this debt.

25. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

26. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff reputation, invasion of privacy, damage to Plaintiff credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time or unusual place or unusual time and place |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged the consumer in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | Nonpayment of debt will result in garnishment, attachment |

|  |  |
|---|---|
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |
| §§ 1692g(b) | Collector must cease collection efforts until the debt is validated |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF THE MISSISSIPPI FAIR DEBT CONSUMER PROTECTION ACT

## MISS. CODE ANN. §§75-24-1, et.seq.

33. Plaintiff incorporates by reference all of the above paragraphs of this complaint as through fully stated herein.

34. The Defendant employed unfair or deceptive act to collect a debt, in violation of Miss. Code Ann. §§75-24-5.

35. Defendant's failure to comply with these provisions constitutes an unfair and deceptive act under Miss. Code Ann. §§75-24-5, and, as such, the Plaintiff is entitled to damages as a result of the Defendant's violations.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO, for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require;

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECULSION

36. The Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

37. The Restatement of Torts, Second §652(b) defies intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his privacy affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

38. Mississippi further recognizes the Plaintiff's rights to be free from invasions of privacy, thus the Defendant's violated Mississippi state law.

39. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous phone calls.

40. The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiff", and "a substantial burden to her existence", thus satisfying the Restatement of Torts, Second, §652(b) and Mississippi law requirements of the invasion of privacy.

41. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

42. As a result of the intrusions and invasion, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

43. All acts of the Defendant and their agent were committed with malice, intent, wantonness, and recklessness.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO, for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require;

## COUNT IV

### INFLICTION OF EMOTIONAL DISTRESS

44. The Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

45. The acts, practices and conduct engaged in by the Defendant vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency.

46. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of Mississippi.

47. All acts of the Defendant and their agent were committed with malice, intent, wantonness, and recklessness.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO, for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that t

### V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: March 29, 2012**

BY:   */s/Brent F. Vullings bfv8435*
　　　Brent F. Vullings, Esq.
　　　Vullings Law Group, LLC
　　　3953 Ridge Pike
　　　Suite 102
　　　Collegeville, PA 19426

(P): 610-489-6060
(F): 610-489-1997
Attorney for Plaintiff